EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **LINDA HARRISON** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 4:16-CV-03504** |
| | § | |
| **TRAVELERS HOME AND MARINE** | § | |
| **INSURANCE COMPANY,** | § | |
| **ROBERT LESSARD, LADDER NOW** | § | |

**DEFENDANT'S NOTICE OF REMOVAL**
**EXHIBIT C: COPIES OF PLEADINGS ASSERTING**
<u>**CAUSES OF ACTION AND ALL ANSWERS TO SUCH PLEADINGS**</u>

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, The Travelers Home and Marine Insurance Company, a defendant in the above entitled and numbered cause, and files copies of all pleadings asserting causes of action and all answers to such pleadings as required by Local Rule 81.2.



**CORPORATION SERVICE COMPANY**

A3M / ALL
**Transmittal Number: 15784340**
**Date Processed: 10/25/2016**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Pamela Beyer<br>The Travelers Companies, Inc.<br>385 Washington Street, 9275-LC12L<br>Saint Paul, MN 55102 |

| | |
|---|---|
| **Entity:** | The Travelers Indemnity Company<br>Entity ID Number 2317465 |
| **Entity Served:** | Travelers |
| **Title of Action:** | Linda Harrison vs. Travelers Home and Marine Insurance Company |
| **Document(s) Type:** | Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Harris County District Court, Texas |
| **Case/Reference No:** | 2016-70744 |
| **Jurisdiction Served:** | Connecticut |
| **Date Served on CSC:** | 10/24/2016 |
| **Answer or Appearance Due:** | Other/NA |
| **Originally Served On:** | Travelers on 10/21/2016 |
| **How Served:** | Client Direct |
| Sender Information: | Bryant Fitts<br>713-871-1670 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

2711 Centerville Road  Wilmington, DE 19808  (888) 690-2882  |  sop@cscglobal.com

10/17/2016 6:00:22 PM
Chris Daniel - District Clerk Harris County
Envelope No. 13284615
By: Monica Ovalle
Filed: 10/17/2016 6:00:22 PM

## 2016-70744 / Court: 011

NO. _____

| | | |
|---|---|---|
| LINDA HARRISON | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| V. | § | _____ JUDICIAL DISTRICT |
| | § | |
| TRAVELERS HOME AND MARINE | § | |
| INSURANCE COMPANY, | § | |
| ROBERT LESSARD, | § | |
| LADDER NOW | § | |
| Defendants. | § | HARRIS COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION AND
### INITIAL WRITTEN DISCOVERY REQUESTS

Pursuant to the Texas Rules of Civil Procedure, Plaintiff, Linda Harrison, files this Original Petition and Initial Written Discovery Requests, complaining of the acts and omissions of Defendants, Travelers Home and Marine Insurance Company, Robert Lessard, and Ladder Now, in support, respectfully shows the Court as follows:

### I.
### DISCOVERY CONTROL PLAN

1.      This case is intended to be governed by Discovery Level 2.

### II.
### PARTIES & SERVICE

2.      Linda Harrison ("Plaintiff") resides in Harris County, Texas.

3.      Defendant Travelers Home and Marine Insurance Company ("Travelers") is an insurance company doing business in Texas, and it may be served with process through its Registered Agent, Corporation Service Company 211 East 7th Street Suite 620 Austin Texas 78701.

4.      Defendant, Robert Lessard ("Lessard"), is an individual who assisted with adjusting the claim at issue. This Defendant may be served with process at 33A Peggy Lane, Farmington, CT 06032-3412 or wherever he may be found.

5.      Defendant, Ladder Now is a claims inspection company who has assisted with adjusting the claim at issue and is doing business in the State of Texas.   It may be served with process serving its president, Scott James, at 3600 Chamberlain Lane, Louisville, Kentucky 40241.

### III.
### JURISDICTION & VENUE

6.      This court has subject matter jurisdiction of this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of this Court.

7.      Plaintiff prefers to have the jury determine the fair amount of compensation for Plaintiff's damages, it is early in the case to be assessing the full nature and scope of Plaintiff's damages, and Plaintiff places the decision regarding the amount of compensation to be awarded in the jury's hands.  Rule 47 of the Texas Rule of Civil Procedure, however, *requires* Plaintiff to provide a statement regarding the amount of monetary relief sought.  Accordingly, pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff seeks monetary relief between $100,000.00 and $200,000.00.

8.      Venue is proper in Harris County, Texas because the insured property is situated in Harris County, Texas and/or the contract was signed in Harris County, Texas. Tex. Civ. Prac. & Rem. Code § 15.002.

### IV.
### FACTS

9.      Plaintiff is named insured under a property insurance policy (the "Policy") issued by Travelers.   The Policy insures, among other things, against losses from hail damage to

Plaintiff's property, namely, the real property and improvements located at 14903 Rosehill Ct. Houston, TX 77070 (the "Property").

10.     On or about April 19, 2015, during the policy period, a storm, wind and hail caused covered damage to the Subject Property.  Specifically, the storm damaged Plaintiff's roof, window beads, screens, shutters, garage door, pergola, ac coils, fence, den ceiling and master bedroom ceiling.

11.     Shortly after the storm, Plaintiff's noticed damage to their property.  They contacted Travelers by telephone to notify Travelers of the damage.

12.     Plaintiff submitted a claim to Travelers against the Policy for all roof damage, structural damage, hail damage, and wind damage the Property sustained as a result of the storm.

13.     Plaintiff asked Travelers to honor its contractual obligations and cover the cost of repairs to Plaintiff's property.

14.     Travelers assigned Defendant Lessard to adjust the claim.  Travelers then assigned Defendant Ladder Now to properly train its claim handler, inspect the property, investigate the damages, and advise Lessard in his adjustment of the claim.

15.     Defendant Ladder Now's claim handler was improperly trained and failed to perform a thorough inspection of Plaintiff's damages, spent an inadequate amount of time on the inspection, approximately 30 minutes, and conducted a results oriented inspection.  Defendants Travelers, Ladder Now and Lessard conducted a substandard investigation of Plaintiff's claim and failed to thoroughly investigate Plaintiff's losses.  The inadequacy of the Ladder Now claim handler's inspection is evidenced by his failure to include all of Plaintiff's covered damages in his May 2, 2015 report to Travelers.

16.     Despite obvious visible wind, hail damage and multiple indentations in the roof and soft metals caused by the storm, the Ladder Now claim handler, on his own behalf, on behalf of

Ladder Now and on behalf of Travelers, verbally misrepresented to Plaintiff at the time of the inspection that there was only minor damage from the hail storm.  Subsequently, in a letter to Plaintiff's dated May 2, 2015, Lessard misrepresented to Plaintiff that although hail fell at their property, it did not cause damage to the roof and damage to the roof was not covered by Plaintiff's Policy.

17.     Together, Defendants Travelers, Ladder Now and Lessard set out to deny properly covered damages by performing a results-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property.

18.     Defendant Travelers failed to perform its contractual obligation to adequately compensate Plaintiff's under the terms of the Policy.  All conditions precedent to recovery upon the Policy have been performed by Plaintiff.  Travelers' conduct constitutes a breach of the insurance contract between Travelers and Plaintiff's.

19.     Even though Plaintiff's property sustained obvious damages caused by a covered occurrence, Defendants misrepresented to Plaintiff that the Policy did provide coverage for some of the damage, thus falsely claiming Plaintiff's property had not been damaged.  Defendants' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

20.     Defendants failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy.  Defendants' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

21.     Defendants refused to adequately compensate Plaintiff under the terms of the Policy even though they failed to conduct a reasonable investigation of the claim. This conduct violated the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

22.     Defendants failed to provide Plaintiff with a reasonable explanation for the denial of their claim. This conduct violated the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

23.     Defendant Travelers failed to timely acknowledge Plaintiff's claim, begin an investigation of the claim, and request all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of the claim.  This conduct violated the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

24.     Defendant Travelers failed to accept Plaintiff's full and entire claim within the statutorily mandated time of receiving all the necessary information.  This conduct was a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

25.     Defendant Travelers has delayed payment of Plaintiff's claim longer than allowed, and, to date, Plaintiff has not received any payment for their claim.  This conduct is a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

26.     Since the time Plaintiff's claim was presented to Defendant Travelers, the liability of Travelers to pay the full claim in accordance with the terms of the Policy has been reasonably clear.  Nevertheless, Travelers has refused to pay, despite there being no basis on which a reasonable insurance company would have relied to deny the claim.  This conduct is a violation of Travelers' duty of good faith and fair dealing.

27.     All Defendants knowingly or recklessly made false representations, as described above, as to material facts.  Alternatively, all Defendants knowingly concealed all or part of material information from Plaintiff's.

28.     To date, Plaintiff has yet to receive full payment for the damages to which Plaintiff is entitled under the Policy.  Plaintiff has suffered damages as a result of the Defendants' actions described above.  The mishandling of Plaintiff's claim also caused a delay in Plaintiff's ability to fully repair the Property, resulting in additional damages.

## V.
## CAUSES OF ACTION

**A.     Breach of Contract (Against Travelers)**

29.     Defendant Travelers had a contract of insurance with Plaintiff.  Plaintiff met or performed all conditions precedent under the contract.  Travelers breached the terms of that contract by wrongfully denying the claim and Plaintiff was damaged thereby.

30.     Defendant Travelers is therefore liable to Plaintiff for breach of contract.

**B.     Prompt Payment of Claims Statute (Against Travelers)**

31.     The Claim is a claim under an insurance policy with Defendant Travelers, of which Plaintiff gave Travelers proper notice, causing Travelers to be liable for the Claim.

32.     Defendant Travelers violated the prompt payment of claims provisions of the Texas Insurance Code, namely, section 542.051 *et seq.*, by:

    a.   Failing to acknowledge or investigate the claim or to request from Plaintiff all items, statements, and forms Travelers reasonably believed would be required within the time constraints provided by Tex. Ins. Code § 542.055;

b.  Failing to notify Plaintiff in writing of its acceptance or rejecting of the Claim within the applicable time constraints provided by Tex. Ins. Code § 542.056; and/or

c.  Delaying payment of the Claim following Travelers' receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided by Tex. Ins. Code § 542.058.

33.  Defendant Travelers is therefore liable to Plaintiff for damages.  In addition to Plaintiff's claim for damages, Plaintiff is further entitled to 18% interest and attorneys' fees as set forth in section 542.060 of the Texas Insurance Code.

**C.  Unfair Settlement Practices/Bad Faith (Against All Defendants)**

34.  Each of the foregoing paragraphs is incorporated by reference in the following.

35.  As explained further herein, Defendants violated Tex. Ins. Code § 541.060(a) by engaging in unfair settlement practices.

**Defendant Travelers**

36.  Defendant Travelers engaged in unfair settlement practices by:

a.  misrepresenting to Plaintiff a material fact or policy provision relating to the coverage at issue;

b.  failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim after Travelers' liability had become reasonably clear;

c.  failing to promptly provide Plaintiff with a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

d.  failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and

e.  refusing to pay the claim without conducting a reasonable investigation with respect to the claim.

37.     Each of the aforementioned unfair settlement practices was committed knowingly by Defendant Travelers and was a producing cause of Plaintiff's damages. Travelers is therefore liable to Plaintiff for engaging in such unfair settlement practices and causing Plaintiff's damages.

**Defendant Ladder Now**

38.     Defendant Ladder Now was a contractor assigned by Defendant Travelers to assist with adjusting the Claim.  Defendant Ladder Now was charged with inspecting the Claim and communicated with Plaintiff about the Policy terms. Insurance adjusters and claims handlers are "persons engaged in the business of insurance" under Tex. Ins. Code 541.001, *et seq.*, and are individually liable for violations of the Texas Insurance Code.  *See Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 486 (Tex. 1998).

39.     Defendant Ladder Now was tasked with the responsibility of conducting a thorough and reasonable inspection and investigation of Plaintiff's Claim, including the discovery of covered damages and fully quantifying covered damages to Plaintiff's Property.

40.     Defendant Ladder Now conducted a substandard, results-oriented inspection of the Subject Property. As such, Ladder Now failed to discover covered damages and/or fully quantify covered damages to Plaintiff's Property, as required by the Policy and Texas law.

41.     Further, Defendant Ladder Now misrepresented material facts to Plaintiff, that is, the existence and true value of Plaintiff's covered losses.  Additionally, Ladder Now failed to

provide Plaintiff with a reasonable explanation as to why Travelers was not compensating Plaintiff for the covered losses, or the true value thereof.

42.     Thus, Defendant Ladder Now engaged in unfair settlement practices by:

    a.   misrepresenting to Plaintiff a material fact or Policy provision relating to the coverage at issue;

    b.   failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim after Travelers' liability had become reasonably clear;

    c.   failing to promptly provide Plaintiff with a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for Travelers' denial of a claim or offer of a compromise settlement of a claim; and/or

    d.   failing to conduct a reasonable investigation of Plaintiff's Claim.

43.     Each of the aforementioned unfair settlement practices was committed knowingly by Defendant Ladder Now and was a producing cause of Plaintiff's damages.   Ladder Now is therefore liable to Plaintiff for engaging in such unfair settlement practices and causing Plaintiff's damages.

**Defendant Lessard**

44.     Defendant Lessard was a contractor and/or adjuster assigned by Defendant Travelers to assist with adjusting the Claim.  Defendant Lessard was charged with investigating the Claim and communicated with Plaintiff about the Policy terms.  Insurance adjusters are "persons engaged in the business of insurance" under Tex. Ins. Code 541.001, *et seq.*, and are individually liable for violations of the Texas Insurance Code.  *See Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 486 (Tex. 1998).

45.     Defendant Lessard was tasked with the responsibility of conducting a thorough and reasonable investigation of Plaintiff's Claim, including the discovery of covered damages and fully quantifying covered damages to Plaintiff's Property.

46.     Defendant Lessard conducted a substandard, results-oriented inspection of the Subject Property.   As such, Lessard failed to discover covered damages and/or fully quantify covered damages to Plaintiff's Property, as required by the Policy and Texas law.

47.     Further, Defendant Lessard misrepresented material facts to Plaintiff, that is, the existence and true value of Plaintiff's covered losses.   Additionally, Lessard failed to provide Plaintiff with a reasonable explanation as to why Travelers was not compensating Plaintiff for the covered losses, or the true value thereof.

48.     Thus, Defendant Lessard engaged in unfair settlement practices by:

a.   misrepresenting to Plaintiff a material fact or Policy provision relating to the coverage at issue;

b.   failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim after Travelers' liability had become reasonably clear;

c.   failing to promptly provide Plaintiff with a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for Travelers' denial of a claim or offer of a compromise settlement of a claim; and/or

d.   failing to conduct a reasonable investigation of Plaintiff's Claim.

49.     Each of the aforementioned unfair settlement practices was committed knowingly by Defendant Lessard and was a producing cause of Plaintiff's damages.   Lessard is therefore liable to Plaintiff for engaging in such unfair settlement practices and causing Plaintiff's damages.

D.      **DTPA (Against Travelers)**

50.     Each of the foregoing paragraphs is incorporated by reference here fully.

51.     At all material times herein, Plaintiff is a "consumer" who purchased insurance products and services from Defendant, and the products and services form the basis of this action.

52.     Defendant has violated the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA") in at least the following respects:

a.  Defendant represented the Policy confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;

b.  Defendant represented goods, products, or services had sponsorship, approval, characteristics, uses, benefits, or quantities they do not have;

c.  Defendant failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce Plaintiff into a transaction Plaintiff would not have entered into had the information been disclosed;

d.  Defendant, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action prohibited by DTPA § 17.50(a)(1)(3) in that Defendants took advantage of Plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, resulting in a gross disparity between the consideration paid in the transaction and the value received, all in violation of Chapter 541 of the Insurance Code;

e.  Generally engaging in unconscionable courses of action while handling the claim; and/or

    f.   Violating the provisions of the Texas Insurance Code, as further described elsewhere herein.

53.    As a result of Defendant's violations of the DTPA, Plaintiff suffered actual damages, and such violations were a producing, actual, and proximate cause of Plaintiff's damages.  Therefore, Defendant is liable to Plaintiff for violations of the DTPA.

54.    Further, Defendant knowingly and/or intentionally committed the acts complained of herein.  As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code § 541.152(a)-(b).

**E.**    **Breach of Duty of Good Faith and Fair Dealing (Against Travelers)**

55.    Defendant Travelers breached the common law duty of good faith and fair dealing owed to Plaintiff by denying or delaying payment on the Claim when Travelers knew or should have known liability was reasonably clear.  Travelers' conduct proximately caused Plaintiff's damages.

56.    Defendant Travelers is therefore liable to Plaintiff.

**F.**    **Attorneys' Fees**

57.    Plaintiff engaged the undersigned attorney to prosecute this lawsuit against Defendants and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

58.    Plaintiff is entitled to reasonable and necessary attorneys' fees pursuant to Tex. Civ. Prac. & Rem. Code §§ 38.001–38.003 because Plaintiff is represented by an attorney, presented the claim to Defendants, and Defendants did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

59.    Plaintiff is additionally or alternatively entitled to recover reasonable and necessary attorneys' fees pursuant to Tex. Bus. & Com. Code § 17.50(d).

60.     Plaintiff is additionally or alternatively entitled to recover reasonable and necessary attorneys' fees pursuant to sections 541.152 and 542.060 of the Texas Insurance Code.

## IX.
## CONDITIONS PRECEDENT

61.     All conditions precedent to Plaintiff's right to recover have been fully performed, or have been waived by Defendants.

## X.
## JURY TRIAL DEMAND

62.     Plaintiff's demand a jury trial of this cause, and has or will tender the appropriate jury fee.

## XI.
## DISCOVERY REQUESTS

63.     Pursuant to Rule 194, all Defendants are requested to disclose, within fifty (50) days after service of this request, the information or material described in Rule 194.2(a)-(l).

64.     All Defendants are also requested to respond to the attached discovery requests within fifty (50) days in accordance to the instructions contained therein.

## XII.
## NOTICE OF INTENT TO USE DISCOVERY AT TRIAL

65.     Pursuant to Texas Rule of Civil Procedure 193.7, Plaintiff hereby gives notice of Plaintiff's intent to use all discovery instruments produced in this case at trial.  Such discovery instruments include, but are not limited to, all documents Defendants have or will produce in response to Plaintiff's written discovery requests.

## XIII.
## CONCLUSION & PRAYER

For these reasons, Plaintiff prays that citations be issued and, upon final hearing of the case, Plaintiff recovers all damages from and against Defendants that may reasonably be established by

a preponderance of the evidence, and Plaintiff be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Plaintiff may show themselves to be justly entitled.

Respectfully submitted,

**Bryant Fitts**
Texas State Bar No. 24040904
bfitts@fittslawfirm.com
Carla Delpit
Texas State Bar No. 24082183
cdelpit@fittslawfirm.com
FITTS LAW FIRM, PLLC
2700 Post Oak Blvd., Suite 1120
Houston, Texas 77056
Telephone 713.871.1670
Facsimile 713.583.1492

**ATTORNEYS FOR PLAINTIFF LINDA HARRISON**

## Singletary, Kelvin

| | |
|---|---|
| **From:** | Delgado,Wilma <WDELGAD1@travelers.com> |
| **Sent:** | Monday, October 24, 2016 9:25 AM |
| **To:** | TravelersSOP |
| **Cc:** | Service-of-Process-Coordinator |
| **Subject:** | FW: Question |
| **Attachments:** | 2016-10-17 Harrison v Travelers petition.pdf |

**From:** Brooks,Sharon T
**Sent:** Monday, October 24, 2016 9:24 AM
**To:** LeBel,Laurie S <LLEBEL@travelers.com>; Delgado,Wilma <WDELGAD1@travelers.com>
**Subject:** FW: Question

Entry and CSC upload please.

**From:** Kunau,Andrew R
**Sent:** Friday, October 21, 2016 5:07 PM
**To:** Brooks,Sharon T <STBROOKS@travelers.com>
**Subject:** FW: Question

Sharon – FYI re: new suit.

Have a good weekend.

Andrew

**From:** Greg Wilkins [mailto:gcw@obt.com]
**Sent:** Friday, October 21, 2016 3:47 PM
**To:** Parks,Joseph D <JPARKS@travelers.com>; Kunau,Andrew R <AKUNAU@travelers.com>
**Subject:** RE: Question

The attached suit was filed against Travelers in Harris County by the Fitts firm on 10/17/16.

Greg

**Greg C. Wilkins**

**Orgain Bell & Tucker, LLP**
470 Orleans Street │ P.O. Box 1751 │ Beaumont, TX 77704-1751
Phone: 409.838.6412│ Fax: 409.838.6959
gcw@obt.com │ www.obt.com

Beaumont │ Houston │ The Woodlands │ Silsbee │ Austin

**From:** Greg Wilkins
**Sent:** Friday, October 21, 2016 3:22 PM
**To:** Duncan Parks (jparks@travelers.com) <jparks@travelers.com>; 'Kunau,Andrew R' <AKUNAU@travelers.com>
**Subject:** Question

1

If, while performing a court records check on a new notice-only claim, we come across a new suit filed against Travelers with respect to a claim of which we are otherwise unaware, do you want us to send you a copy of the suit?  Not trying to dun you for the work; just want to know if you want the papers.

Greg

**Greg C. Wilkins**

**Orgain Bell & Tucker, LLP**
470 Orleans Street │ P.O. Box 1751 │ Beaumont, TX 77704-1751
Phone: 409.838.6412 │ Fax: 409.838.6959
gcw@obt.com │ www.obt.com

Beaumont │ Houston │ The Woodlands │ Silsbee │ Austin

-- PRIVILEGED & CONFIDENTIAL COMMUNICATION --

This communication is privileged and contains confidential information. If it has been sent to you in error, please disregard, reply to the sender that you received it in error, and delete it. Any distribution or other reproduction is strictly prohibited. IRS Circular 230 Disclaimer. This e-mail and any attachments are not intended for use and cannot be used: (i) to avoid any tax-related penalties under the Internal Revenue Code: or (ii) to promote, market, or recommend to another party any transaction or tax-related matters addressed herein or in any attachments. Please contact us if you desire an opinion on such matters.

This communication, including attachments, is confidential, may be subject to legal privileges, and is intended for the sole use of the addressee. Any use, duplication, disclosure or dissemination of this communication, other than by the addressee, is prohibited. If you have received this communication in error, please notify the sender immediately and delete or destroy this communication and all copies.

CAUSE NO.  2016-70744

| LINDA HARRISON | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| TRAVELERS HOME AND MARINE | § | |
| INSURANCE COMPANY, | § | |
| ROBERT LESSARD, LADDER NOW | § | 11TH JUDICIAL DISTRICT |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, The Travelers Home and Marine Insurance Company, one of the defendants in the above entitled and numbered cause, and files this its original answer to the plaintiff's original petition on file herein, and in support thereof would respectfully show the Court as follows:

I.

The defendant hereby generally denies the allegations contained in the plaintiff's petition on file herein pursuant to Rule 92 of the Texas Rules of Civil Procedure, and thus assert its privilege of insisting that such allegations be proven by a preponderance of credible evidence.

II.

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, the defendant notifies all parties to this lawsuit of the defendant's intent to introduce as evidence at any pretrial proceeding or at trial any document produced by any party in discovery in this lawsuit.

III.

The defendant specifically reserves the right to amend its answer to plead any affirmative defenses or other matters that must be specially pled and to assert any counterclaims or third-party claims it may have after discovery in this case is complete.

WHEREFORE, PREMISES CONSIDERED, the defendant, The Travelers Home and Marine Insurance Company, moves and prays the Court that upon trial hereof, the plaintiff recover nothing, and that the defendant go hence with its costs, and for such other and further relief, both general and special, legal and equitable, to which defendant may show itself justly entitled to receive.

Respectfully submitted,

ORGAIN BELL & TUCKER, LLP
P O Box 1751
Beaumont, TX 77704-1751
(409) 838-6412
(409) 838-6959 facsimile

/s/ Greg C. Wilkins
Greg C. Wilkins
State Bar No. 00797669
gcw@obt.com
Warren B. Wise
State Bar No. 24093437
wwise@obt.com

ATTORNEYS FOR DEFENDANT,
THE TRAVELERS HOME AND
MARINE INSURANCE COMPANY

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that on the 28th day of November, 2016, I electronically filed the foregoing with the Harris County District Clerk via eFile Texas which will send notification of such filing to each counsel of record.

/s/ Greg C. Wilkins
Greg C. Wilkins